IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMONI NEIUFI, SIOSAIA NAETA, TRÉ JAMES, DAMOND POWELL, BRIAN COBBS, LEE CROSBY, MONDARIOUS BENSON,<br><br>Plaintiffs,<br>v.<br><br>SNOW GARDEN APARTMENTS, ANTHONY WILLIAM DAVIS,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL<br><br>Case No. 2:12-cv-774 RJS - BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

Before the Court is Plaintiffs' Motion to Compel Responses to Discovery.[1] In addition, Plaintiffs seek "reasonable attorneys' fees"[2] and the striking of Defendants' pleadings. The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to the local rules of practice for the United States District Court for the District of Utah, the Court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.[3] As outlined below, the Court GRANTS IN PART Plaintiffs' motion.

BACKGROUND

This is an action under the Fair Housing Act, 42 U.S.C. § 3604, by Plaintiffs who allege they were denied housing by Defendants, Snow Garden Apartments et al., because of their race. On September 19, 2012, Plaintiffs served their first discovery requests on Defendants via fax. Around the end of October 2012 defense counsel contacted Plaintiffs' counsel and stated that

---

[1] Docket no. 14. This matter has been referred to the undersigned by Judge Robert Shelby pursuant to 28 U.S.C. § 636 (B)(1)(A).

[2] Mtn p. 2.

[3] *See* DUCivR 7-1(f) (2012) (all citations to the local rules are to the 2012 edition).

Defendants had not received the requests. On October 29, 2012, Plaintiffs resubmitted the discovery requests to Defendants and also included for the first time their initial disclosures.

Defendants provided some discovery responses on November 30, 2012, and informed Plaintiffs' counsel that more would be forthcoming. Shortly thereafter, Defense counsel became seriously ill and was hospitalized for one week and was out of the office for several weeks beginning near the end of December.

During this same October to December time frame the parties had discussions about the possibility of settlement via mediation. The parties disagree about the significance of the settlement overtures, but the parties did contact retired Utah state court Judge Roger Livingston about mediating this matter on December 3, 2012. However, Defendants were unable to make arrangements to meet in mediation with Judge Livingston on this date due to scheduling conflicts. Also of note, is Plaintiffs' counsel's email of October 24th to the clerk of this Court stating an interest in ADR options. Defense counsel was copied on this email. This case, however, was never placed on a mediation track and there is nothing in the record indicating that discovery had been stayed due to the possibility of settlement.

On December 4, 2012, Plaintiffs filed the instant Motion to Compel and on January 7, 2013, Plaintiffs filed a memorandum in support of their motion.[4] Three weeks later Defendants had yet to file any opposition to Plaintiffs' motion, so the Court entered an order to show cause directing Defendants to file a response.[5] Defendants filed an opposition on February 15th and Plaintiffs filed a reply in support of their motion on February 25th.

---

[4] Docket no. 17. The Court notes that under the local rules adopted in December 2012, a motion and any supporting memorandum are to be filed together rather than as separate documents. *See* DUCivR 7-1(a).

[5] Order to Show Cause dated January 31, 2013, docket no. 19.

DISCUSSION

Plaintiffs seek an order compelling answers to their discovery requests and an award of fees for having to bring the instant motion. In their reply, Plaintiffs also ask the Court to strike Defendants' pleadings.[6] Rule 37 of the Federal Rules of Civil Procedure applies to the current controversy. It allows a party to seek an order compelling disclosure or discovery and permits sanctions if an "opposing party's nondisclosure, response, or objection was [not] substantially justified."[7] Further, if a court orders that discovery be provided and a party continues to resist without substantial justification additional sanctions may be entered, such as staying the proceedings until the discovery is provided, striking pleadings or even dismissing an action.[8]

Here, Defendants offer two primary arguments against entering sanctions against them for failing to provide discovery. First, this case began moving toward mediation at an early stage and it appeared that discovery was going to be postponed or stayed. Second, since the filing of Plaintiffs' motion "Defendants have provided all reasonable discovery responses through a considerable effort, and there remains nothing to 'compel.'"[9] Thus, "[a]ny award of expenses to plaintiffs related to the underlying motion to compel would be patently unfair under these circumstances . . . ."[10]

The Court is not completely persuaded by Defendant's arguments. There is nothing in the record indicating that discovery was stayed in this case. Other courts have found that a party's unilateral belief or hope that a matter would settle simply was not enough to absolve the

---

[6] The heading to Plaintiffs' reply memorandum states that "Plaintiff's Pleadings Should Be Stricken," however, under this section Plaintiffs ask the Court to strike Defendants' pleadings. The Court presumes the heading to be a typographical error.

[7] Fed. R. Civ. P. 37(a)(5)(A)(ii) (2011 rev. ed.) (all citations to the Federal Rules are to the 2011 revised edition).

[8] *See id.* 37(b); *see also Lee v. Max Intern., LLC*, 638 F.3d 1318, (10th Cir. 2011) (affirming the undersigned's recommendation that dismissal be entered because plaintiffs repeatedly violated discovery orders).

[9] Op. p. 5.

[10] *Id.*

party's responsibilities that come with litigation.[11] Here, it appears Defendants had a similar misplaced hope or belief in settlement that led to a failure in complying with discovery obligations. But, it also appears from the record that Defendants failure to comply was based in part on defense counsel becoming very ill and spending time in the hospital. Such circumstances, in the Court's view, qualify as "other circumstances [that] make an award of expenses [or striking pleadings] unjust"[12] at this time. Defendants are warned, however, that continued failures to comply with their discovery responsibilities will not be tolerated by this Court.

Defendants are therefore ORDERED to provide complete and thorough responses to Plaintiffs' first set of discovery requests within thirty (30) days from the date of this order. Defendants are FURTHER ORDERED to file a detailed affidavit with the Court outlining the efforts undertaken to procure discovery, the nature of such discovery and why additional discovery is unavailable. If there is nothing more to "compel" as Defendants' suggest, then the filing of an affidavit will help this case proceed toward resolution.[13]

## ORDER

For the reasons set forth above the Court GRANTS IN PART Plaintiffs' Motion to Compel. Plaintiffs' request for sanctions, including fees is DENIED. Plaintiffs' request to compel is GRANTED.

---

[11] *See e.g.*, *Mills v. Prudential Ins. Co. of Am.*, 2012 U.S. Dist. LEXIS 92727, 9 (D. Colo. July 5, 2012) (noting cases and stating that their general reasoning is that "settlement negotiations do not toll time limits under the Federal Rules"); *Precision Fitness Equip., Inc. v. Nautilus, Inc.*, 2009 U.S. Dist. LEXIS 68879, 5-6 (D. Colo. July 20, 2009) (unreported) (noting that it was careless or incautious lawyering that led to the plaintiff not responding to motions when the matter did not settle); *QFA Royalties LLC v. Liberty Holding Grp., Inc.*, No. 06-cv-00948-LTB-MEH, 2007 U.S. Dist. LEXIS 51220, 2007 WL 2071633, at *2 (D. Colo. July 16, 2007) ("[T]he parties['] ongoing settlement discussion did not excuse the [defendant's] responsibility to file a responsive pleading . . . .").

[12] Fed. R. Civ. P. 37(a)(5)(A)(iii).

[13] The parties are strongly encouraged by the Court to use their best efforts to resolve this matter through mediation.

The Court ORDERS Defendants provide complete and thorough responses to Plaintiffs' first set of discovery requests within thirty (30) days from the date of this order.

IT IS FURTHER ORDERED that within thirty (30) days from the date of this order, Defendants file a detailed affidavit with the Court outlining the efforts undertaken to procure discovery, the nature of such discovery and why additional discovery is unavailable.

DATED this 7 March 2013.

Brooke C. Wells
United States Magistrate Judge