IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMONI NEIUFI, SIOSAIA NAETA, TRÉ JAMES, DAMOND POWELL, BRIAN COBBS, LEE CROSBY, MONDARIOUS BENSON,<br><br>Plaintiffs,<br>v.<br><br>SNOW GARDEN APARTMENTS, ANTHONY WILLIAM DAVIS,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PROTECTIVE ORDER<br><br>Case No. 2:12-cv-774 RJS - BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

Before the Court is Defendants' Motion for Protective Order.[1]  Pursuant to Federal Rule 26(c)(1)(B), Defendants seek a "protective order regarding the scheduled deposition of Plaintiffs Tre James, Damon Powell and Lee Crosby."[2]  The depositions are scheduled for this coming Saturday May 4th.  Defendants represent that they were scheduled without being conferred with and were set five working days after notice and on a Saturday, which is not reasonable notice as required by Rule 30.  As set forth below the Court DENIES Defendants' motion.

Rule 30 provides in relevant part that "A party who wants to depose a person by oral questions must give reasonable written notice to every other party."[3]  Here, notice was sent to Defendants regarding Plaintiffs' depositions on April 26th, approximately eight days before they were going to occur.  Defendants argue this is not reasonable notice.  In contrast, Plaintiffs assert that under the circumstance of this case the notice was reasonable.  These circumstances include:

---

[1] Docket no. 26.  This matter has been referred to the undersigned by Judge Robert Shelby pursuant to 28 U.S.C. § 636 (B)(1)(A).

[2] Mtn. p. 1.

[3] Fed. R. Civ. P. 30(b)(1) (2011).

1) Plaintiffs are college students from other states attending Snow College in Ephraim, Utah who will be graduating and leaving Utah shortly.  They brought suit against Defendants for their refusal to rent housing to them and it would be a large financial burden to make Plaintiffs return to Utah to be deposed at a later date, or to make them pay for Defendants' counsel to travel to where they live; 2) The delay in providing discovery was created in part by Defendants, which necessitated a Motion to Compel that this Court granted in part;[4] 3) The difficulty Plaintiffs' counsel has had in scheduling these depositions, including the fact that originally Defendants' counsel tentatively agreed to hold them on April 26th only later to cancel them without providing notice; 4) The "facts underlying the deponents' testimony are simple"[5] and the depositions will be relatively short; And 5) a lack of alternative dates for depositions.

The Court agrees with Plaintiffs' argument that the determination of the reasonableness of notice for a deposition under Rule 30(b)(1) is case-specific and fact-intensive.[6]  After a review of the history of this case, the correspondence between the parties, and based upon the circumstances in this matter, the Court finds that Plaintiffs provided reasonable notice of their depositions under Rule 30.  The Court therefore DENIES Defendants' Motion for Protective Order.

Finally, the Court notes that Plaintiffs suggest an alternative to holding the depositions this coming Saturday—taking the depositions at a future time telephonically so as to reduce the costs incurred by Plaintiffs.  The Court believes this is a viable alternative and will leave it to the

---

[4] Docket no. 24.

[5] Op. p. 6.

[6] *See e.g., Bethany Medical Center v. Harder*, 1987 WL 47845, 9 (D.Kan. Mar. 12, 1987) (determining under the circumstances that defendant's witness did not receive reasonable notice of the deposition); *see also Smith v. Stephens*, 2012 WL 899347, *3 (E.D.Mich. Mar. 16, 2012) (noting that a determination of what is reasonable notice is case-specific and fact-intensive); *FLOE Intern. , Inc. v. Newmans' Mfg. Inc.*, 2005 WL 6218040, *5 (D.Minn. Nov. 9, 2005) (same); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 2005 WL 2059327, *6 (N.D.Ill.2005) (same).

discretion of the parties whether to hold the depositions this coming Saturday or reschedule them at a future date to be taken telephonically.

## ORDER

For the reasons set forth above the Court DENIES Defendants' Motion for Protective Order.[7]

IT IS FURTHER ORDERED that the parties provide the Court within ten (10) days from the date of this order, a status update regarding either an agreed upon future date to hold the depositions telephonically or notice that the depositions occurred as currently scheduled for Saturday May 4th.

IT IS SO ORDERED.

DATED this 2 May 2013.

Brooke C. Wells
United States Magistrate Judge

---

[7] Docket no. 26.